UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LACEY BREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2559** |
| **GREENWICH INSURANCE COMPANY, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this personal injury case removed based on diversity jurisdiction is Plaintiff's motion[1] to remand. Because the record establishes that the parties are not all "citizens of different States," the motion to remand is **GRANTED**.

### I. BACKGROUND

This personal injury case arises from a motor vehicle accident. Plaintiff Lacey Breaux ("Plaintiff") alleges that on February 21, 2023 a tractor-trailer failed to safely change lanes and crashed into her vehicle.[2] George Garcia Moreno ("Moreno") was driving the tractor-trailer.[3] Greenwich Insurance Company ("Greenwich") insured the tractor-trailer.[4] The Kenan Advantage Group, Inc. ("Kenan") was Moreno's employer.[5] Moreno was acting in the scope of his employment with Kenan when the crash occurred.[6]

Plaintiff sued Moreno, Kenan, and Greenwich ("Defendants") in the 23rd Judicial District Court for the Parish of Assumption in February 2024 on state-law

---

[1] ECF No. 8.
[2] ECF No. 2-2 (Petition for Damages).
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶ 11.
[5] *Id.* at ¶ 10.
[6] *Id.* at ¶10.

theories.[7] Plaintiff successfully served Kenan and Greenwich.[8] On February 8, 2024, Plaintiff attempted to serve Moreno under Louisiana's long-arm statute at the Texas address listed in the crash report.[9] *See* La. R.S. 13:3201 *et seq*. After the certified green card was returned unsigned, Plaintiff filed an affidavit of attempt to serve Moreno.[10]

Invoking diversity jurisdiction, 28 U.S.C. § 1332(a), Kenan removed the case to this Court on October 28, 2024.[11] In its Notice of Removal, Kenan states that it received medical records from Plaintiff on September 26, 2024 that confirmed Plaintiff's claimed medical expenses exceed $75,000.[12] Kenan also alleges that there is complete diversity under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Louisiana; Greenwich is incorporated in Delaware with its principal place of business in Connecticut; Kenan is incorporated in Delaware with its principal place of business in Ohio; and Moreno is a "resident and citizen of the Republic of the Philippines" who

---

[7] *See generally id.* Kenan's Notice of Removal also alleges that in July 2024, LUBA Casualty Insurance Company ("LUBA") filed a Petition for Intervention seeking to recover all amounts paid to Plaintiff in workers' compensation. ECF No. 2 at ¶ 6. LUBA requested service of the Petition for Intervention on Greenwich through its agent for service of process, the Louisiana Secretary of State. Greenwich was served personally with the Petition for Intervention on or about August 15, 2024. *Id.* at ¶ 7. LUBA did not request service of process of the Petition for Intervention on Kenan or Moreno. *Id.* at ¶ 8.

[8] ECF No. 8-2 at 1 (Plaintiff's Motion to Remand); ECF No. 11 at 1, 10 (Defendants' Opposition to Motion to Remand).

[9] *See* ECF No. 2-2 at 6 (listing Moreno's Texas address for service); ECF No. 8-4 at Breaux_00016 (crash report listing Moreno's Texas address); ECF No. 8-3 at ¶ 19 (Comeaux Unsworn Decl.).

[10] ECF No. 8-5 at Breaux_1014 (Affidavit of Attempt to Serve Defendant); ECF No. 8-3 at ¶ 28 (Comeaux Unsworn Decl.).

[11] ECF No. 2 (October 28, 2024 Notice of Removal).

[12] *Id.* at ¶ 22.

"has not lived in the United States since November 2023" and "intends to remain a citizen of the Republic of the Philippines indefinitely."[13]

Plaintiff now moves to remand.[14] The Court agrees that remand is appropriate, but not for Plaintiff's reasons. As discussed below, because Moreno is a U.S. citizen domiciled in the Philippines, he is considered a "stateless" party and thus is not a "citizen[] of [a] different State[]" from Plaintiff. 28 U.S.C. § 1332(a)(1). Accordingly, complete diversity of citizenship does not exist under § 1332(a) and this Court lacks subject matter jurisdiction.

## II. ANALYSIS

A defendant may remove a civil case from state court to federal court if the federal court would have original jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The Court has original jurisdiction based on diversity of citizenship over civil cases between "citizens of different States" in which the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* To remove a case on diversity grounds, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co., Inc.*, 385 F.3d 568, 572 (5th Cir. 2004). This includes the requirement of "complete

---

[13] *Id.* at ¶¶ 9–13.

[14] ECF No. 8. Plaintiff moves to remand under two theories. First, Plaintiff asserts that Kenan received written confirmation that Plaintiff's injuries and damages exceeded $75,000 more than thirty days before Kenan's October 25, 2024 removal. ECF No. 8-2. She argues that Kenan's removal was therefore untimely under 28 U.S.C. § 1446(b)(3). Second, Plaintiff contends that Kenan failed to obtain the written consent of Moreno to remove the action under 28 U.S.C. § 1446 (b)(2)(A). Plaintiff asserts she properly served Moreno in Texas under the Louisiana long-arm statute and that Moreno's consent was therefore required prior to removal. *Id.* at 17. Plaintiff alternatively "contests" Defendant's assertion that Moreno was "domiciled in the Philippines at the time of service and removal." *Id.* The Court need not address Plaintiff's bases for remand given its own determination that Moreno, as a "stateless" U.S. citizen, does not have diversity of citizenship from Plaintiff.

3

diversity" of the parties. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Complete diversity exists when "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Id.* (citation omitted).

A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, "'allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (citation omitted).

As for individuals, "[a] person cannot be a 'citizen' of a state unless she is also a citizen of the United States." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). A U.S. citizen who is "domiciled in a state is a citizen of that state." *Id.* The U.S. citizen's "'place of residence is prima facie [his] domicile.'" *MidCap Media*, 929 F.3d at 313 (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). But to be legally domiciled in a U.S. state, the U.S. individual must also have "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424 (1939). This typically requires the person's "physical presence" at the location and the "intention to remain there indefinitely." *Coury*, 85 F.3d at 250.

A U.S. citizen who is domiciled abroad—that is, physically present in a foreign country with the intent to remain indefinitely—is not a citizen of a U.S. "State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). As a U.S. citizen,

he is not entitled to remove an action under 28 U.S.C. § 1332(a)(2)–(3), the "alienage" provisions of diversity jurisdiction. *Coury*, 85 F.3d at 250. Even for a "dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332." *Id.*

This means that a U.S. citizen domiciled abroad is neither a citizen of a U.S. state nor an alien for diversity purposes. *Id.* A U.S. citizen domiciled abroad is therefore considered "stateless for the purposes of diversity jurisdiction." *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 523 n.1 (5th Cir. 2015). And the addition of any "stateless" party defeats diversity jurisdiction. *Id.*; *see also Newman-Green, Inc.*, 490 U.S. at 828–29.

Here, Kenan alleges that there is complete diversity under 28 U.S.C. § 1332(a) because each defendant is a citizen of a different state to Plaintiff, who is a citizen of Louisiana.[15] This is true for Kenan (incorporated in Delaware with its principal place of business in Ohio) and Greenwich (incorporated in Delaware with principal place of business in Connecticut).[16]

But it is not true for the sole individual defendant, Moreno, who is not a citizen of *any* U.S. "State." *See* 28 U.S.C. § 1332(a). According to the Notice of Removal, Moreno—who is represented by the same counsel as Kenan and Greenwich[17]—"has not lived in the United States since November 2023."[18] Rather, he contends he is now "a resident and citizen of the Republic of the Philippines" and that he "intends to

---

[15] ECF No. 2 at ¶¶ 9–13.
[16] *Id.*
[17] ECF No. 11 at 4, 13; ECF No. 11-2.
[18] ECF No. 2 at ¶ 13.

5

remain a citizen of the Republic of the Philippines indefinitely."[19] And Defendants' Opposition to Plaintiff's Motion to Remand repeats that Moreno "moved to and has been domiciled in the Philippines since November of 2023[.]"[20] Moreno's counsel also attaches an Unsworn Declaration to Defendants' Opposition to Plaintiff's Motion to Remand.[21] In that Declaration, Moreno's counsel states that Moreno informed him in September 2024 that "he had retired and returned to his native country, the Republic of the Philippines, and that he had not lived [in Texas] since November 2023."[22] This is sufficient to conclude that Moreno's domicile is the Republic of the Philippines—that is, he is "physical[ly] presen[t]" and has the "intention to remain there indefinitely." *Coury*, 85 F.3d at 250. Accordingly, because he is domiciled abroad, Moreno has "no domicile in any [U.S.] State." *Newman-Green, Inc.*, 490 U.S. at 828.

Moreno is only considered "stateless," however, if he is domiciled abroad *and* he is a United States citizen. *Id.* It is not clear from the Notice of Removal or Defendants' Opposition to the Motion to Remand whether Moreno is a U.S. citizen.[23] And this question is not clarified in his counsel's Declaration.[24] Plaintiff's Response to this Court's Order to Show Cause,[25] however, includes a copy of the Texas Secretary of State's "My Voter Portal" voter information website, reflecting Moreno's voter registration at the Texas address listed in the crash report.[26] The Texas

---

[19] *Id.*
[20] ECF No. 11 at 8–9.
[21] ECF No. 11-2 (Unsworn Decl. of Trent P. Roddy).
[22] *Id.*
[23] *See generally* ECF No. 2-2; ECF No. 11.
[24] ECF No. 11-2.
[25] ECF No. 15.
[26] ECF No. 16-9 (Moreno Texas voter registration confirmation); ECF No. 16-1 at ¶ 16 (Comeaux Decl.).

Constitution provides that only those individuals who are citizens of the United States shall be deemed a qualified voter of the state. TEX. CONST. art. VI, § 2. The Court accordingly concludes that Moreno is a U.S. citizen domiciled abroad and is therefore "stateless for the purposes of diversity jurisdiction." *Firefighters' Ret. Sys.*, 796 F.3d at 523 n.1. Moreno's "'stateless' status destroy[s] complete diversity." *Newman-Green, Inc.*, 490 U.S. at 829.

Although the parties did not brief the issue of Moreno's statelessness, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This means that "when a district court determines that it lacks subject matter jurisdiction over a removed case, it *must* remand." *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 447 (5th Cir. 2023) (emphasis in original). Recognizing its limited jurisdiction, the Court remands the case. *See MidCap Media*, 929 F.3d at 313.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[27] to remand is **GRANTED**. This case is **REMANDED** to the 23rd Judicial District Court for the Parish of Assumption.

New Orleans, Louisiana, this 29th day of September, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[27] ECF No. 8.